UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AURORA N. MILOT,
Plaintiff,

Case No. 1:14-cv-00759

Black, J.
Litkovitz, M.J.

vs.

T.J. MAXX,
Defendant.

REPORT AND
RECOMMENDATION

Plaintiff Aurora N. Milot, proceeding pro se, brings this employment discrimination action against defendant T.J. Maxx.[1] This matter is before the Court on defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 8) and supporting memorandum (Doc. 9), plaintiff's response in opposition to defendant's motion and plaintiff's motion to continue the case (Doc. 11), and defendant's reply memorandum in support of its motion (Doc. 12).

**I. Background**

Plaintiff filed the pro se complaint against defendant under 42 U.S.C. § 2000e-5(f)(1) on October 1, 2014. (Doc. 3). Plaintiff makes the following allegations in the complaint: Plaintiff is a female. In approximately April of 2014, defendant's assistant office manager, Cathy Flynn, held a meeting and asked plaintiff "about [her] sexual orientation based on office rumors." On May 10, 2014, plaintiff complained to supervisor Ron Lucha, and he stated that "any rumors going around were [plaintiff's] own doing." The district manager, Bob Caseotti, authorized a 30-day leave of absence and the opportunity to change stores. On June 30, 2014, plaintiff was constructively discharged. As relief, plaintiff seeks compensatory damages for work time lost,

---

[1] Defendant states in its motion that the correct legal entity is TJX Companies, Inc. (Doc. 8 at 1).

which resulted in loss of income and emotional distress while she waited for defendant to review her complaint.

Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docs. 8, 9). Defendant argues that the complaint fails to state a claim to relief that is plausible on its face. Defendant asserts that the complaint does not allege that plaintiff was discriminated against based on her membership in a group that is protected under Title VII. Defendant alleges that sexual orientation is not a protected characteristic under Title VII. Defendant asserts that the complaint therefore fails to state an actionable Title VII discrimination claim.

In response, plaintiff asks the Court to continue the case but she sets forth no basis for her request. (Doc. 11). Plaintiff also asks the Court to consider the following "mitigating factors": (1) whether the manager would have called a male employee into her private office and asked "questions of a sexual nature"; (2) whether it is acceptable for a corporation to allow its managers to commit "sexual harassment" by sequestering an employee in a private office under work pretenses; (3) whether the "sexual harassment" created by management due to speculation and rumor, which is immature, unprofessional, and unacceptable, creates an "unsafe workplace for employees where they are put at risk of being subjected to further sexual harassment from superiors"; and (4) that the "sexual harassment" and violation of privacy caused plaintiff severe emotional distress which resulted in extended time off without pay and the need for therapy. (*Id.*). Plaintiff has attached to her opposing memorandum an Equal Employment Opportunity Commission (EEOC) charge dated August 2014 and an EEOC notice of right to sue. (*Id.* at 2, 3). In the charge, plaintiff alleges discrimination based on sex and makes the same factual allegations set forth in the complaint. (*Id.* at 3).

In its reply memorandum, defendant asserts that plaintiff has failed to dispute both that her claims are premised solely on statements concerning her alleged sexual orientation and that such claims are not actionable under Title VII. (Doc. 12). Defendant further alleges that although plaintiff has attempted to recast her claims as sexual harassment claims, it is clear from her allegations that she is claiming discrimination based on her sexual orientation.

**II. Standard of Review under Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the grounds of [her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). The reviewing court must accept as true the plaintiff's factual allegations but need not accept as true the plaintiff's legal conclusions or unwarranted factual inferences. *Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003). When construing the complaint of an individual proceeding pro se, the Court must bear in mind that pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. *Montgomery v. Huntington Bank,* 346 F.3d 693, 697 (6th Cir. 2003) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

**III. Title VII**

Title VII makes it an unlawful employment practice for an employer "to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of

3

employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). The Sixth Circuit has held that Title VII's prohibition of discrimination on the basis of "sex" applies only to discrimination on the basis of gender and does not include discrimination based on one's sexual orientation. *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 762 (6th Cir. 2006); *Gilbert v. Country Music Ass'n, Inc.*, 432 F. App'x 516, 519 (6th Cir. 2011). Thus, allegations of sexual orientation discrimination do not state an actionable claim under Title VII. *Gilbert*, 432 F. App'x at 519.

Under certain circumstances, an employee can pursue a claim of sex discrimination under a theory of sex stereotyping. *Id*. Under this theory of liability, an employer discriminates "because of . . . sex" when it makes decisions based on the "degree to which an individual conforms to traditional notions of what is appropriate for one's gender." *Vickers*, 453 F.3d at 762. Such notions may include the plaintiff's "manner of walking and talking at work, as well as her work attire and her hairstyle." *Id*. (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 235 (1989) (plurality opinion)). If the plaintiff pleads "sufficient factual matter" to show discrimination on the basis of sex stereotyping, the complaint can survive a motion to dismiss. *Gilbert*, 432 F. App'x at 519 (citing *Iqbal,* 556 U.S. 662). In both *Gilbert* and *Vickers*, the Sixth Circuit held that the plaintiff's allegations did not involve discrimination based on sex stereotyping but were limited to discrimination based on sexual orientation, and therefore the complaint did not suffice to state an actionable claim for sex discrimination under Title VII. *See Gilbert*, 432 F. App'x at 520 (the plaintiff did not plead a Title VII claim where he alleged he was an "openly homosexual male" whose co-worker threatened to stab him and "any other 'faggot'" working with him because such males did not conform to co-worker's male stereotypes; union officials were aware that the plaintiff was homosexual at the time he reported

4

the threats and acted against him on that basis; and union member "loudly uttered bigoted comments regarding [the plaintiff]'s sexuality" at a union meeting and insisted that homosexual union members not be permitted to disclose their sexuality to other union members); *Vickers*, 453 F.3d at 759 (the plaintiff did not state a Title VII claim where he alleged that after co-workers discovered he had befriended a male homosexual, they made "sexually based slurs" and discriminatory comments alleging the plaintiff was "gay" or homosexual and questioning his masculinity, co-workers called the plaintiff derogatory names such as "fag," and co-workers physically harassed him).

An employee can also pursue a Title VII hostile work environment claim based on same-sex sexual harassment under certain circumstances.[2] *Vickers*, 453 F.3d at 765 (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 82 (1998)). An individual does not make out a claim for sexual harassment "merely because the words used have sexual content or connotations." *Id.* (citing *Oncale*, 523 U.S. at 80). Rather, "[t]he critical issue . . . is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Id.* (citing *Oncale*, 523 U.S. at 80) (internal citation and quotation marks omitted).

### IV. The motion to dismiss should be granted.

Plaintiff's complaint fails to state a plausible claim for sex discrimination. Plaintiff alleges she was discriminated against based on rumors concerning her sexual orientation. (Doc. 3 at 3). In accordance with Sixth Circuit law, plaintiff's claim for discrimination based on her

---

[2] A plaintiff must establish the following elements to prevail on a hostile work environment claim premised on sexual harassment: "(1) the employee was a member of a protected class; (2) the employee was subject to unwelcome sexual harassment; (3) the harassment complained of was based on sex; (4) the charged sexual harassment created a hostile work environment; and (5) the existence of employer liability." *Vickers*, 453 F.3d at 762 (citing *Clark v. United Parcel Serv., Inc.*, 400 F.3d 341, 347 (6th Cir. 2005)).

5

sexual orientation is not actionable under Title VII. *See Vickers,* 453 F.3d at 762; *Gilbert,* 432 F. App'x at 519. *See also Revely v. Cincinnati State Technical & Cmty. Coll.*, No. 1:13-cv-353, 2014 WL 5607605, at *3 (S.D. Ohio Nov. 4, 2014) (Beckwith, J.).

Plaintiff has not alleged additional facts indicating she was discriminated against because she failed to conform to female gender norms so as to state a Title VII claim for sex discrimination based on sex stereotyping. *See Vickers*, 452 F.3d at 762; *Gilbert*, 432 F. App'x at 519. Further, although plaintiff suggests that a female manager sexually harassed her and treated her differently than the manager would have treated male employees, plaintiff's allegations are not sufficient to support a claim for same-sex sexual harassment. (Doc. 3 at 3). Plaintiff does not allege that the female manager, or any other individual employed by defendant, harassed her based on sex. *See Vickers*, 452 F.3d at 762. Further, plaintiff does not allege any facts to show that she was treated less favorably than defendant's male employees in the terms and conditions of her employment. *See id.* at 765

For these reasons, plaintiff has failed to state a plausible claim for sex discrimination under Title VII. Plaintiff's allegations, liberally construed, support a finding that plaintiff was discriminated against based on her sexual orientation. However, the Sixth Circuit Court of Appeals has determined that discrimination based on sexual orientation is not actionable under Title VII. The complaint should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim to relief.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion to continue the case (Doc. 11) be **DENIED**.
2. Defendant's motion to dismiss the complaint (Doc. 8) be **GRANTED** and this case be closed on the docket of the Court.

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 2/23/15

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

AURORA N. MILOT,
    Plaintiff,

Case No. 1:14-cv-00759
Black, J.
Litkovitz, M.J.

vs.

T.J. MAXX,
    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).